**CITY OF SOUTH LAKE TAHOE, a municipal corporation, Plaintiff,**

v.

**TAHOE REGIONAL PLANNING AGENCY, and Does I–X, Defendants,**

**State of California, Intervenor,**

**Air California, Inc.**

**Civ. No. S–84–819 EJG.**

United States District Court, E.D. California.

June 26, 1987.

J. Dennis Crabb, City Atty., City of South Lake Tahoe, South Lake Tahoe, Cal., Michael Scott Gatzke, Gatzke & Mispagel, Carlsbad, Cal., for plaintiff.

---

Susan E. Scholley, Tahoe Regional Planning Agency, Zephyr Cove, Nev., Gary A. Owen, Heaton, Doescher & Owen, Ltd., Carson City, Nev., for defendants.

Kenneth R. Williams, Deputy Atty. Gen., Sacramento, Cal., for intervenor.

Richard M. Sherman, Irell & Manella, Newport Beach, Cal., for amicus curiae Air California, Inc.

Catherine J. Lanctot, Federal Dept. of Justice, Washington, D.C., for U.S.

## AMENDED ORDER GRANTING MOTION TAHOE REGIONAL PLANNING AGENCY FOR PARTIAL SUMMARY JUDGMENT

EDWARD J. GARCIA, District Judge.

Defendant, Tahoe Regional Planning Agency's request that the Court publish its order of April 15, 1985 granting partial summary judgment, is granted. It is further directed that the April 15, 1987 order for partial summary judgment be amended to read as follows.

Pursuant to Tahoe Regional Planning Agency's ("TRPA") motion for partial summary judgment, filed January 10, 1985, this matter came on for hearing on February 8, 1985, in the United States District Court, Eastern District of California, the Honorable Edward J. Garcia presiding. TRPA appeared through its counsel, Susan E. Scholley; intervenor People of the State of California appeared through its counsel, Kenneth R. Williams, Deputy Attorney General; plaintiff, City of South Lake Tahoe ("City"), appeared through its counsel, Michael Scott Gatske; and amicus curiae Air California appeared through its counsel, Richard M. Sherman.[1]

The Court having considered the motion for partial summary judgment of TRPA, and having considered all the pertinent documents and evidence on file herein, as well as the arguments of counsel, and good cause appearing, the motion of TRPA for partial summary judgment as to the first cause of action of the complaint of City is hereby granted.

Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is clearly entitled to prevail as a matter of law. Rule 56, Fed.R.Civ.P.; and *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675 (9th Cir.1984). On this motion which is addressed to the first cause of action of the City's complaint, all parties have agreed that there are no material facts genuinely at issue and that the legal issues involved are ripe for summary adjudication.

Count 1 of plaintiff's complaint raises the question of TRPA's authority to limit the number of flights to the South Lake Tahoe Airport. Plaintiff, City, is the proprietor of that airport and filed this action to contest the validity of a cease and desist order issued by TRPA on May 25, 1984. That order would limit the number of DC–9 (80) jet aircraft flights to the airport to three per day and 19 per week. The thrust of plaintiff's contention is that a general federal regulatory scheme for airline regulation preempts and precludes local non-proprietor control of an airport. See the Federal Aviation Act of 1958 (49 U.S.C. § 1301 *et seq.*); the Noise Control Act of 1972 (42 U.S.C. § 4901 *et seq.*); and more particularly the Airline Deregulation Act of 1978 (49 U.S.C. § 1301 *et seq.*); *see also City of Burbank v. Lockheed Air Terminal*, 411 U.S. 624, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973); and *San Diego Unified Port District v. Gianturco*, 651 F.2d 1306 (9th Cir. 1981). However, plaintiff overlooks the fact that Congress, while generally desirous of an open sky policy, must have realized that the enactment of the Tahoe Regional Planning Compact (P.L. 96–551, 94 Stat. 3233) ("Compact") in December of 1980, after enactment of the Airline Dereg-

---

1. Air Cal has subsequently intervened as a party plaintiff in this action but the court conditioned such intervention on Air Cal not relitigating issues already resolved on this motion. In so restricting that intervention, the court noted the City merely joined in and adopted the briefs on the motions that were submitted by Air Cal and that Air Cal conducted most of the oral argument on behalf of plaintiff. Thus, Air Cal fully addressed its view on this motion.

ulation Act of 1978 (49 U.S.C. 1301) [hereafter "ADA"], would effectively require some incidental regulation of airlines into the Tahoe Basin. Therefore, the court concludes that the Congress necessarily created, for environmental reasons, a narrow geographical exception to the open sky policy embodied, in part, by the Airline Deregulation Act, which act is a deregulation statute.

Even though the ADA includes a preemption clause prohibiting states and interstate agencies from airline regulation, that clause does not affect TRPA because TRPA's powers are derived from a federal compact ratified by Congress pursuant to Article 1, § 10 cl. 3 of the U.S. Constitution. Thus, the Compact itself is a congressional exercise of power under the commerce clause and amounts to federal legislation. *Virginia v. Tennessee,* 148 U.S. 503, 519–20, 13 S.Ct. 728, 734–35, 37 L.Ed. 537; and *League to Save Lake Tahoe v. BJK,* 547 F.2d 1072, 1075 (9th Cir.1976). Otherwise stated, the preemption provision of the ADA, 49 U.S.C. § 1305, itself a congressional enactment, does not interfere with the Congress' ability to later approve a bi-state compact such as the Tahoe Regional Planning Compact which confers the type of broad environmental regulatory powers as complained of here. Furthermore, even though the Compact and the ADA necessarily overlap, they do so only in the Tahoe Basin. The statutory scheme regulating airlines is nationwide and the reason for that national scheme is economic. The regulatory effects of the Compact on air flights occurs only in the Tahoe Basin and only for environmental purposes. Because the ADA is general and National in scope and the Compact is specific and limited to a narrow geographic location, the two federal schemes can operate concurrently without harming the effectiveness of each other.

The first cause of action of the City's complaint attacks an integral part of the statutory scheme of the Compact, namely the environmental threshold carrying capacities which the Compact mandates. Yet, the Compact shows congressional recognition of the need for strict environmental standards in the Tahoe Basin such that the Compact is actually a part of the federal regulatory scheme for noise and air pollution control. Further, the Compact allows TRPA to adopt air and water quality standards that are stricter than the federal standards. As demonstrated in *DeVeau v. Braisted,* 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960), it would be unreasonable to conclude that Congress would ratify the creation of TRPA, a bi-state agency, to establish and maintain strict environmental standards, including noise, air pollution and transportation standards, and not to give TRPA the power to regulate the number and frequency of airline flights into the Tahoe Basin, notwithstanding the preemptive language in a previously enacted federal statute concerning economic regulation (or deregulation) of airlines. Moreover, the Compact should be given effect to the extent of any conflict between the two federal schemes, because it is a congressional enactment passed later in time and, is more specific than the Airline Deregulation Act as it is limited to a very narrow geographical area.

Plaintiff's reliance on Article X, Section 5 of the Compact, to establish preemption is misplaced. That section is a general reservation clause designed to protect the jurisdiction of the Departments of the Interior and Agriculture. It was not intended to exempt the owner of the airport from the requirements of the Compact. Moreover, that clause is very similar to the reservation clause of the waterfront compact considered by the Supreme Court in *DeVeau.* The court there concluded that the clause did not defeat jurisdiction under the waterfront compact to regulate certain labor activities which were argued as being preempted by the National Labor Relations Act.

In Sum, the City's and Air Cal's § 1305 preemption argument merely focuses on a statutory restatement of the general con-

**1378**

cepts of preemption under the supremacy and commerce clauses of the U.S. Constitution. The arguments lack merit because the City and Air Cal ignore the role of the Congress in approving the Compact. Thus Air Cal insists in its amicus brief that two states cannot accomplish jointly what they are prohibited by federal preemption from accomplishing separately, and misses the point that the Congress (which Air Cal concedes, as it must, is empowered to set noise and pollution standards) approved the Compact calling for the strict regulation complained of here. Because of that participation by the Congress, the regulations emanating from the Compact simply do not raise problems of federal preemption.

The court is therefore left with two federally authorized regulatory schemes having very different purposes and very limited overlap. The statutes appear quite capable of being given concurrent effect. The ADA, having an economic purpose, was designed to prevent the states from stepping into the area of economic regulation of the airlines that the Congress had just vacated. The Compact was designed to restore and preserve the environment of the Lake Tahoe Basin. The only common ground of the two is geographic and perhaps incidental but is not substantive. As for this geographic overlap, the Compact is clearly more specific and enacted later in time.

For these reasons, defendant's motion for partial summary judgment must be and is granted.

IT IS SO ORDERED.